JESSIE M. ROMANO, PROSECUTRIX, v. VILLAGE OF RIDGE-
WOOD AND ZONING BOARD OF ADJUSTMENT OF THE
VILLAGE OF RIDGEWOOD, DEFENDANTS.

Submitted January term, 1936—Decided April 23, 1936.

Before Justices PARKER, CASE and BODINE.

For the prosecutrix, *Winne & Banta* (*Walter G. Winne*).

For the defendants, *Thomas L. Zimmerman, Jr.*

PER CURIAM.

The case presents a phase of the zoning problem which
calls for determination on its own peculiar facts. The prop-
erty involved is in, but on the outskirts of, the village of
Ridgewood and is in an area zoned for residential uses. The
traffic past it for ten years or more had been heavy to the
point of congestion. Then the state, in constructing a new
highway, took over parcels of the land by condemnation at a
price of over $15,000 and divided the traffic in such fashion
that the portion of the tract upon which stand the buildings
forms what is called an island, a rather sizable island, but
nevertheless hemmed in by highways and by-passes on all
sides. The result is that this part of the property is less val-
uable for residence purposes and more valuable for a very
few kinds of business than formerly it was. However, the
factors that detract from the desirability of the property for
residence uses seem to differ in degree but not in kind from

those incident to neighboring properties, the owners of which are opposed to any broadening of the ordinance.

Prosecutrix owns the property in question and complains that the ordinance is an unreasonable and arbitrary exercise by the municipality of its powers and that an application made by her, and refused, for permission to erect a gasoline station and restaurant should have been granted. The ordinance was adopted nearly five years ago, and other owners in the near vicinity bought their homes in reliance thereon. Also neighboring owners, among them the Paramus Reformed Church, have resisted the lucratively tempting impulse to yield to business uses. However well placed the property of the prosecutrix and a few other conspicuously located properties nearby may be for gas station or roadhouse uses, it cannot be said that the neighborhood has been given over to those or like uses or that it is at all fitted for general business purposes, and it cannot well be denied that the proposed uses with kindred others that would almost inevitably follow in the train would detract from the residential value of the adjacent territory.

It seems clear that the compensation allowed the prosecutrix for the taking of the property for highway purposes comprehended a damage to the property that remained. The state paid $11,100 for 1.73 acres of land, a price which on a quantative basis was at the rate of nearly $6,500 per acre, and, later, $4,000 for nine-tenths of an acre. It is incredible that bare land would there have so large an acreage value. The taking was by condemnation for the purposes of the construction which, it is said, has disturbed the residential aspect of the property. We find no confiscation in the official acts under review.

The prosecutrix stood by while the ordinance was being passed and for years thereafter while others, on the strength of the ordinance, were making their investments and building their homes close at hand. We are not satisfied that the ordinance is an unreasonable or an arbitrary exercise of the powers conferred by the zoning laws or that the refusal of the local authorities was beyond their discretion.

The writ will be dismissed, with costs.